UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL LINWOOD MARTIN,        :
                               :    Civil Action No. 06-5798 (JLL)
          Plaintiff,           :
                               :
     v.                        :    **OPINION AND ORDER**
                               :
DANIEL T. KEITEL, et al.,      :
                               :
          Defendants.          :

**LINARES**, District Judge

   This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's Order [4] denying Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and administratively terminating this action, entered March 26, 2007, familiarity with which is presumed.  The Motion for Reconsideration is dated April 5, 2007, and was received by the Clerk's office on April 10, 2007.

   Plaintiff requests reconsideration on the grounds that this Court misconstrued his pleading as a civil complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, and that the pleading should have been construed as a criminal complaint filed pursuant to 18 U.S.C. § 242.

   Local Civil Rule 7.1(i) governs motions for reconsideration. <u>See</u> <u>Bowers v. National Collegiate Athletic Ass'n</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  The Local Rule specifies that a motion for reconsideration must be filed within 10 days after the entry

of the order or judgment challenged.  In deference to a litigant's pro se status, however, the Court may relax this strict deadline to prevent surprise or injustice.  See, e.g., Damiano v. Sony Music Entertainment, Inc., 2000 WL 1689081, *5 (D.N.J. 2000); Former L.Civ.R. 7.1 cmt 6.b.(2) (2003).  Taking into account Plaintiff's pro se status and his limited access to a law library, and further taking into account that the challenged order of dismissal was entered without the submission of briefs or argument, the Court will exercise its discretion to consider the out-of-time motion.

The Local Rule specifies that a separate brief shall be filed "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See Student Public Interest Research Group of New Jersey, et al. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, matters may

not be introduced for the first time on a reconsideration motion. See, e.g., Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air Nat. Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3.  Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, 935 F. Supp. at 516 ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).  Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the

evidence may lead to a different result." Former L.Civ.R. 7.1 cmt 6.f.  With these standards in mind, the Court will now turn to plaintiffs' motion for reconsideration.

As noted by Plaintiff, the Complaint does allege that this action is authorized by 18 U.S.C. § 242.  The Complaint also characterizes the action as both civil and criminal and seeks all just, proper, and equitable relief.  Plaintiff does not seek reconsideration of this Court's determination to administratively close this action insofar as it seeks civil remedies. Accordingly, this Court will grant the request for reconsideration only insofar as it relates to the purported criminal action raised by the Complaint.

Section 242 provides, in pertinent part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; ... .

18 U.S.C. § 242.  It is Plaintiff's contention that the defendants[1] engaged in civil rights violations in connection with the criminal trial pursuant to which Plaintiff presently is

---

[1] The named defendants are prosecutors Daniel T. Keitel and Clifford J. Minor, defense attorneys Esther Canty and Cassandra T. Savoy, and Superior Court Judge James G. Troiano.

incarcerated. Specifically, Plaintiff contends that prosecutor Daniel T. Keitel wrongfully added counts to the indictment after the close of the grand jury process; that prosecutor Clifford J. Minor failed to correct this alleged abuse of process; and that defense counsel and Judge James G. Troiano failed to protect Plaintiff from this alleged abuse of process. Plaintiff contends that these wrongful acts were the result of intentional racial discrimination.

Authorities are in agreement that the submission by a private party of a complaint under § 242 is not the appropriate manner in which to initiate criminal proceedings.

> A private person may not prosecute a federal criminal complaint. Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); The Confiscation Cases, 74 U.S. 454, 457 (1868) ("Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, [...]"); ...; United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D. Pa. 1975); United States v. Panza, 381 F.Supp. 1133, 1133-35 (W.D. Pa. 1974) (reciting history of rule); ... .

Peters v. Beard, 2006 WL 2174707 (M.D. Pa. June 13, 2006) (Report and Recommendation) (citations omitted), adopted by, 2006 WL 2175173 (M.D. Pa. Aug. 1, 2006). See also Caracter v. Avshalumov, 2006 WL 3231465 (D.N.J. Nov. 8, 2006) (collecting

cases); Stoll v. Martin, 2006 WL 2024387 (N.D. Fla. July 17, 2006) (collecting cases).

Nevertheless, if a purported criminal complaint warrants action, a Court may refer it to the United States Attorney for action. Savage, 403 F.Supp. at 174. The commencement of a criminal action is governed in part by Federal Rules of Criminal Procedure 3 and 4, which provide some guidance in determining whether a purported criminal complaint merits reference to the United States Attorney. Rule 3 provides, "The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." Rule 4 provides, in pertinent part, "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

Here, Plaintiff's conclusory allegations that an irregularity occurred in the indictment process and that the alleged irregularity was racially motivated are not sufficient to establish probable cause to believe that the defendants violated § 242.[2] This Court perceives no reason, on the basis of the

---

[2] The elements of a violation under § 242 are set forth in United States v. Senak, 477 F.3d 304 (7th Cir.), cert. denied, 414 U.S. 856 (1973).

facts before it, to refer this matter to the United States Attorney.

Therefore, for the reasons expressed above,

IT IS on this 19th day of April, 2007,

ORDERED that the Clerk of the Court shall RE-OPEN the file in this matter in order for the Court to entertain Plaintiff's motion; and it is further

ORDERED that Plaintiff's Motion for Reconsideration is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED; and it is further

ORDERED that the Clerk of the Court shall RE-CLOSE the file in this matter.

                                           /s/ Jose L. Linares
                                          United States District Judge